| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| | | |
| JUAN AUTILANO MERCED, JR., | | Case No. 2:21-cv-01405-WBS-JDP (PC) |
| Plaintiff, | | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | | |
| PATRICK COVELLO, *et al.*, | | ECF No. 2 |
| Defendants. | | SCREENING ORDER THAT PLAINTIFF: |
| | | (1) STAND BY HIS COMPLAINT SUBJECT TO MY DISMISSAL OF CLAIMS OR PARTIES, OR |
| | | (2) FILE AN AMENDED COMPLAINT |
| | | ECF No. 1 |
| | | THIRTY-DAY DEADLINE |

Plaintiff has filed a complaint that contains three separate and unrelated claims against multiple defendants. ECF No. 1 at 3-5. Those claims cannot proceed together and, as such, I will give plaintiff an opportunity to file an amended complaint that contains only related claims. If he fails to do so, I will recommend adding or dropping parties and claims. I will also grant his application to proceed *in forma pauperis*. ECF No. 2

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As stated above, plaintiff's complaint contains three separate and unrelated claims.

First, he alleges that defendant Brazil called him "a rat [and] a snitch" in front of other inmates.  ECF No. 1 at 3.  Plaintiff claims that Brazil did this in retaliation for grievances he had filed.  *Id.*

Second, plaintiff alleges that defendant Allen made lewd and derogatory comments toward him because of his tendency to spend time with a transgender inmate.  *Id.* at 4.  He claims that Allen then misrepresented their exchange so as to have plaintiff placed in administrative

1   segregation. *Id.*

2   Third, plaintiff broadly alleges that defendant Covello, the warden of Mule Creek State
3   Prison, has failed to ensure that his subordinates act with integrity and in accordance with prison
4   guidelines. *Id.* at 5. Plaintiff does not reference any specific incident or problem that Covello
5   knew about but failed to prevent, however. As such, this claim would be too vague to proceed
6   even if it were related to the ones listed above.

7   These three claims bear no apparent factual or legal relationship to each other and so
8   cannot proceed in a single action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)
9   ("Unrelated claims against different defendants belong in different suits . . . ."). Plaintiff, if he
10  amends his complaint, will need to ensure that all of his claims stem from "the same transaction,
11  occurrence, or series of transactions or occurrences . . . ." Fed. R. Civ. P. 20(a). If he fails to
12  abide by that rule, I may add or drop parties as justice requires.

13  If plaintiff decides to file an amended complaint, the amended complaint will supersede
14  the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en
15  banc). This means that the amended complaint will need to be complete on its face without
16  reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is
17  filed, the current complaint no longer serves any function. Therefore, in an amended complaint,
18  as in an original complaint, plaintiff will need to assert each claim and allege each defendant's
19  involvement in sufficient detail. The amended complaint should be titled "Amended Complaint"
20  and refer to the appropriate case number.

21  Accordingly, it is ORDERED that:

22  1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

23  2. Within thirty days from the service of this order, plaintiff must either file an
24  Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects
25  the latter option, I may add or drop parties as necessary to pare the complaint to only related
26  claims.

27  3. Failure to comply with this order may result in the dismissal of this action.

28  4. The Clerk of Court is directed to send plaintiff a complaint form.

3

1  IT IS SO ORDERED.

3  Dated:  December 27, 2021

                                    JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE