UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN AUTILANO MERCED, JR., <br><br> Plaintiff, <br><br> v. <br><br> PATRICK COVELLO, *et al.*, <br><br> Defendants. | Case No. 2:21-cv-01405-WBS-JDP (PC) <br><br> ORDER THAT PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL IS DENIED <br><br> ECF No. 9 <br><br> FINDINGS AND RECOMMENDATIONS THAT: <br><br> (1) PLAINTIFF'S FIRST AND EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANT E. BRAZIL PROCEED AND ALL OTHER CLAIMS BE DISMISSED WITHOUT PREJUDICE; AND <br><br> (2) PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION BE DENIED. <br><br> ECF Nos. 9, 15, & 16 |

In his amended complaint, plaintiff alleges that defendant Brazil, a correctional officer, violated his First Amendment and Eighth Amendment rights by retaliating against him for filing an administrative grievance. ECF No. 15 at 3. He alleges that Warden Covello violated his Eighth Amendment rights because he was informed of Brazil's misconduct but failed to take corrective action. *Id.* at 4. Plaintiff's claims against Brazil are cognizable and should proceed past screening, but his claims against Warden Covello should be dismissed. I recommend that

plaintiff's motions for preliminary injunction be denied. ECF Nos. 9 & 16.

**Screening Order**

**I.  Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that in November 2020 he wrote a disciplinary grievance arguing that a barbecue on prison grounds violated procedures. ECF No. 15 at 3. Defendant Brazil confronted him afterwards and, in the presence of other inmates, demanded to know why plaintiff was writing grievances against staff. *Id.* Brazil then called plaintiff a "rat and a snitch" and urged other inmates to attack him. *Id.* These allegations are sufficient to state a First Amendment retaliation claim against Brazil. I will also allow plaintiff's Eighth Amendment claim against this defendant to proceed. He alleges that Brazil's actions caused him to suffer anxiety, fear, and loss of sleep. *Id.* at 5.

With respect to Warden Covello, plaintiff alleges that he wrote to this defendant, seeking to resolve both his issues with Brazil and other unspecified issues. *Id.* at 4. Covello allegedly responded to plaintiff's communications by stating that he took allegations of staff misconduct seriously. *Id.* Plaintiff alleges that Covello took no action to prevent staff from retaliating against him, however. *Id.* These allegations are insufficient to state a claim against the Warden. Plaintiff does not allege that Covello was positioned to prevent Brazil from confronting plaintiff in November of 2020. Neither does he allege any other, specific instances of retaliation that Covello knew of and failed to prevent. He references other acts of retaliation against him undertaken by unnamed staff, but does not allege what these acts were, identify when they occurred, or explain how Covello was aware of them. Thus, I cannot conclude that Covello knew of or acquiesced to the unconstitutional conduct of any of his subordinates. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."). Neither can I conclude that his actions (or failures to act) were the proximate cause of any of plaintiff's alleged injuries. *Id.* at 1204 ("A plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury.").

Given that plaintiff has already been afforded one opportunity to amend, I find that offering him a chance to file another amended complaint is unwarranted. This action should

proceed based only on the retaliation claim against defendant Brazil and the claims against Warden Covello should be dismissed without leave to amend.

## Motions for Preliminary Injunction

Plaintiff has also filed two motions for preliminary injunction. ECF Nos. 9 & 16. Neither is based on the claims in the complaint, however. The first motion for preliminary injunction concerns an alleged incident of retaliation that occurred in November 2021, when plaintiff was placed in administrative segregation based on false allegations of assault on staff. ECF No. 9 at 1. Plaintiff seeks an injunction against all staff ordering them to stop retaliating against him. *Id.* at 2. The second motion states that plaintiff's medical condition makes him especially vulnerable to valley fever and requests an injunction preventing prison officials from housing him at facilities where the risk of an outbreak is high. ECF No. 16 at 1. The Ninth Circuit has held that a court does not have authority to issue an injunction based on claims not pled in the complaint. *See Lado v. Wolf*, 952 F.3d 999, 1023 (9th Cir. 2020). Plaintiff's motions should be denied on this basis.

## Appointment of Counsel

Plaintiff's first motion for preliminary injunction also requests appointment of counsel. ECF No. 9 at 3. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

4

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Further, plaintiff has not yet demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's request to appoint counsel is denied without prejudice.

Accordingly, it is ORDERED that plaintiff's request for appointment of counsel, contained in the motion for preliminary injunction, ECF No. 9, is DENIED without prejudice.

Further, it is RECOMMENDED that:

1. Plaintiff be permitted to proceed with his First and Eighth Amendment claims against defendant Brazil. All other claims be dismissed without prejudice and without leave to amend.

2. If these recommendations are adopted, the matter be referred back to me so that I may order service on defendant Brazil.

3. Plaintiff's motions for preliminary injunction, ECF Nos. 9 & 16, be DENIED.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: _____April 12, 2022_____

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE