UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN AUTILANO MERCED Jr., | Case No. 2:21-cv-01405-WBS-JDP (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PATRICK COVELLO, *et al.*, | |
| Defendants. | |

Plaintiff Juan Autilano Merced, Jr. is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. He alleges that defendant Brazil violated his Eighth Amendment rights when he called plaintiff a rat and snitch and encouraged other inmates to attack him. Plaintiff alleges that while he was not physically injured as a result of defendant Brazil's conduct, he has suffered from manic depression, suicidal thoughts, and loss of sleep. Defendant Brazil has moved to dismiss this claim, ECF No. 35, and his motion should, for the reasons stated hereafter, be granted.

## Legal Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**Analysis**

Defendant argues that plaintiff's Eighth Amendment claim must be dismissed because he has not alleged that he suffered a physical injury in conjunction with his mental and emotional injuries. ECF No. 35. Under the Prison Litigation Reform Act ("PLRA"), a plaintiff alleging an Eighth Amendment claim for emotional injury must also allege at least a *de minimis* physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002) (holding that the qualifying physical injury need not be significant, but it must be more than *de minimis*); *Chappell v. Fleming*, No. 2:12-CV-0234-MCE-AC, 2014 WL 793986, at *1 (E.D. Cal. Feb. 26, 2014) (dismissing plaintiff's Eighth Amendment claims for emotional harm because he failed to allege "any actual physical injury"). Plaintiff has not alleged in his amended complaint that he suffered physical injuries due to defendant Brazil's conduct. Plaintiff's allegations of suffering severe mental distress cannot stand alone without physical injury to

support an Eighth Amendment claim pursuant to the PLRA.  *See Chick v. Lacey*, No. 1:11-CV-01447-LJO-DLB, 2014 WL 6819904, at *4 (E.D. Cal. Dec. 2, 2014) ("To the extent that Plaintiff cites an inability to sleep, fear and 'debilitating emotional state,' these impacts are not physical in nature and cannot satisfy the physical injury requirement of section 1997e(e).").

Accordingly, it is RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 35, be granted; and

2. The Eighth Amendment claim against defendant Brazil be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 17, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3