|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JUAN AUTILANO MERCED, JR., | Case No. 2:21-cv-01405-WBS-JDP (PC) |
| Plaintiff, | ORDER THAT THIS ACTION PROCEED SOLELY ON PLAINTIFF'S FIRST AMENDMENT CLAIM AGAINST BRAZIL |
| v. | |
| PATRICK COVELLO, *et al.*, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S CLAIM AGAINST DEFENDANT COVELLO BE DISMISSED |
| Defendant. | |
| | ECF No. 46 |

Plaintiff, a state prisoner, brought this action alleging that defendant Brazil, a correctional officer, violated his Eighth Amendment rights by calling a "rat" and a "snitch" and encouraging other inmates to attack him. ECF No. 15 at 3-5. Plaintiff also alleged that Brazil's actions violated his First Amendment rights because they were undertaken in retaliation for a prison grievance plaintiff had filed against the officer. *Id.* I found these claims cognizable, but also recommended that defendant Covello, the unit warden, be dismissed because plaintiff had not alleged his personal involvement in these violations. ECF No. 17.


Defendant Brazil then filed a motion to dismiss plaintiff's Eighth Amendment claim on the basis that plaintiff had not alleged any physical injury. ECF No. 35. I recommended granting that motion, ECF No. 41, and those recommendations were adopted, ECF No. 44. Plaintiff was given leave to amend, however, and he has done so. ECF Nos. 42, 45, & 46. After screening the new complaint, I conclude that his First Amendment retaliation claim against Brazil remains cognizable but, as before, his claims against Covello should be dismissed.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

2

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

As before, plaintiff alleges that, after he filed a grievance against defendant Brazil, the officer retaliated against him by calling him a "snitch" and encouraging other inmates to attack him. ECF No. 46 at 6. This claim is cognizable. Plaintiff also, however, alleges that Covello bears responsibility for this constitutional violation because he failed to adequately train his subordinates. *Id.* at 7. Elsewhere, plaintiff vaguely claims that Covello should have known that the conduct of his staff (presumably Brazil) created an unreasonable risk of harm. *Id.* at 11. Plaintiff fails, however, to describe how Covello knew or should have known about Brazil's retaliatory actions. As I explained in my first screening order, to proceed with such a claim, plaintiff would need to allege facts demonstrating that Covello, a supervisor, knew of and acquiesced to his subordinates' unlawful conduct. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."). Plaintiff has failed to do so here.

Accordingly, it is ORDERED that this action shall proceed based solely on plaintiff's First Amendment claim against defendant Brazil contained in the First Amended Complaint, ECF No. 46.

Further, it is RECOMMENDED that plaintiff's claims against defendant Covello be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   November 1, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE